UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,

vs.

SIBELLE HOLDINGS, LLC
d/b/a GROOVY'S PIZZA & GRILL;
and 2 INDIAN CREEK HOLDINGS, LLC,

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Sibelle Holdings, LLC doing business as Groovy's Pizza & Grill, and Defendant 2 Indian Creek Holdings, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants Sibelle Holdings, LLC and 2 Indian Creek Holdings, LLC are both authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

**PARTIES**

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Sibelle Holdings, LLC (also referenced as "Defendant Sibelle," "tenant," "operator," lessee" or "co-Defendant") is a Florida registered limited liability company which is the owner and operator of the "Groovy's Pizza & Grill" restaurant located at 2770 SW 27th Avenue, Miami, Florida 33133.

6. Defendant 2 Indian Creek Holdings, LLC (also referenced as "Defendant Indian Creek Holdings," "Lessor," "Owner," or "co-Defendant") is a Florida registered limited liability company which is the owner of Folio 01-4116035-0130, which is a commercial real property in the configuration of a strip mall. All of the strip mall businesses are open to the general public; therefore, the strip mall is a Public Accommodations pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104.

7. One of the commercial spaces within Defendant Indian Creek Holdings' strip mall is leased to co-Defendant Sibelle (the "lessee"). The lessee in turn operates its Groovy's Pizza & Grill restaurant within that leased space.

**FACTS**

8. At all times material hereto, Defendant Sibelle has been leasing commercial space within Defendant Indian Creek Holdings' strip mall.

9. At all times material hereto, Defendant Sibelle has been utilizing that commercial space for the operation of its Groovy's Pizza & Grill restaurant.

10. Groovy's Pizza & Grill serves American grill food and pizza and is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." Groovy's Pizza & Grill is also referred to as "restaurant" or "place of public accommodation."

11. As the operator of a restaurant which is open to the public, Defendant Sibelle is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104.

12. As the owner of a strip mall which contains as a restaurant open to the public, Defendant Indian Creek Holdings is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B).

13. Due to the close proximity to Plaintiff's home to Groovy's Pizza & Grill, on July 21, 2020, Plaintiff personally visited Groovy's Pizza & Grill with the intent of purchasing a meal and dining at the outdoor eating area which had been set up to accommodate the dining public.

14. On information and belief and with the approval of Defendant Indian Creek Holdings, Defendant Sibelle has maintained dining area by setting up an outside dining area for Groovy's Pizza & Grill.

15. Due to his love of pizza and the proximity of the Groovy's Pizza & Grill restaurant to his residence, Plaintiff returned to Groovy's Pizza & Grill on August 17, 2020, with

the intent of purchasing an individual meal with the hopes that he would be provide eating accommodations that were compliant. Plaintiff purchased a meal and suffered through the inaccessible tables outside dining area due to the fact that the seating had not been altered to accommodate him and his wheelchair. While Plaintiff purchased a meal, he was unable to enjoy leisurely dining at the restaurant as made available to the non-disabled public due in part to the fact that the outside dining facility did not accommodate his wheelchair.

16. Plaintiff has patronized Groovy's Pizza & Grill in the past and on those past visits had eaten inside the restaurant.

17. Plaintiff has been denied full and equal access by the operator/lessee of that restaurant (Defendant Sibelle) and by the owner/lessor of the strip mall which houses the restaurant (Defendant Indian Creek Holdings) due to barriers to dining inherent in the outdoor seating area as well as architectural barriers within the interior of the restaurant and failure of the Defendants to provide accessible parking with the closest path of travel to the entrance of the restaurant.

18. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

19. Plaintiff continues to desire to patronize Groovy's Pizza & Grill and the strip mall but continues to be injured in that he continues to be discriminated against due to the barriers to access to the strip mall and restaurant caused by the outside operation of the restaurant which is in violation of the ADA.

20. Any and all requisite notice has been provided.

21. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

### COUNT I – VIOLATIONS OF TITLE III OF THE ADA

22. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since almost 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

23. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

24. Prior to the filing of this lawsuit, Plaintiff personally visited Groovy's Pizza & Grill in order to purchase a meal and dine at the outdoor eating area set up by Defendants for the general public. However Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when ordering his meal, when using the bathroom, when filling his soda from the dispenser, and when attempting to sit at the outdoor seating area to enjoy his meal and therefore suffered an injury in fact.

25. Defendant Indian Creek Holding (the owner/lessor) and Defendant Sibelle (the lessee and operator of Groovy's Pizza & Grill) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the restaurant, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

26. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the restaurant by Defendants.

27. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. However, Defendant Indian Creek Holdings (owner/lessor of the strip mall) and the operator of Groovy's Pizza & Grill (Defendant Sibelle) have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

28. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

29. The commercial space which is owned by Defendant Indian Creek Holdings (owner/lessor) which houses the Groovy's Pizza & Grill is operated by Defendant Sibelle (tenant/lessee). This commercial space is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and

28 C.F.R. §36.302 *et. seq.,* and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

    i.    As to Defendant Sibelle (the lessee and operator of the restaurant) and Defendant Indian Creek Holdings (owner/lessor of the strip mall) (jointly and severally): failure to have signage posted indicating the location of accessible entrance, in violation of 28 C.F.R. Part 36, Section 4.1.2(7)(c).

    ii.    As to Defendant Sibelle (the lessee and operator of the restaurant) and Defendant Indian Creek Holdings (owner/lessor of the strip mall) (jointly and severally): failure to provide accessible parking in the strip mall parking lot which provides the closest path of travel to the entrance of the restaurant. 28 C.F.R. Part 36, Section 4.24.

    iii.    As to Defendant Sibelle (the lessee and operator of the restaurant) and Defendant Indian Creek Holdings (owner/lessor of the strip mall) (jointly and severally): failure to provide a restroom door which is accessible pursuant to the 2010 ADA Standards for Accessible Design. In this instant case, the top door hinge on the door leading into the bathroom generates pull strength that cannot be opened by an individual in a wheelchair. Section 404.2.7 states that operable parts on doors and gates must comply with 309.4 and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum, and 404.2.8.2 delineates door closing speed. Defendants are in violation of all of these sections.

    iv.    As to Defendant Sibelle (the lessee and operator of the restaurant) and Defendant Indian Creek Holdings (owner/lessor of the strip mall) (jointly and severally): failure to provide restroom door hardware which can be opened with a closed fist (handles pulls and latches must have hardware in a shape that is easy to grasp with one hand) as required by 28 C.F.R. Part 36 Section 4.13.9. and 2010 ADA Standards for Accessible Design, Section 404.2.7.

    v.    As to Defendant Sibelle (the lessee and operator of the restaurant) and Defendant Indian Creek Holdings (owner/lessor of the strip mall) (jointly and severally): failure to provide a hand towel dispenser located within reach of a disabled individual in wheelchair. 2010 ADA Standards for Accessible Design Section 308.2.1 states that the accessible height for a forward reach dispenser the high forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground and 308.2.2 states that where there is obstructed forward reach (when reach depth exceeds 20 inches), the high forward

        reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum. In this instant case, the towel dispenser is obstructed and is higher than the high forward reach violation of 28 C.F.R. Part 36; 2010 ADA Standards for Accessible Design Section 606.1 and Section 308.

vi. As to Defendant Sibelle (the lessee and operator of the restaurant): failure to provide a soda drink dispenser positioned at an accessible height in violation of 28 C.F.R. Part 36; 2010 ADA Standards for Accessible Design Section 904.5.1 (self-service dispensing devices for beverages are to comply with Section 308, specifically Obstructed high reach under 308.2.2.)

vii. As to Defendant Sibelle (the lessee and operator of the restaurant) and Defendant Indian Creek Holdings (owner/lessor of the strip mall) (jointly and severally): the restaurant dining is inaccessible by wheelchair, in violation of 28 C.F.R. Part 36, Section 5.4, which requires that all dining areas, including outdoor seating areas be accessible.

viii. As to Defendant Sibelle (the lessee and operator of the restaurant), contained within the outside seating area, the picnic tables provided for outside dining are not accessible to Plaintiff and his wheelchair, in violation of 28 C.F.R. Part 36, Section 4.32.4.

ix. As to Defendant Sibelle (the lessee and operator of the restaurant) and Defendant Indian Creek Holdings (owner/lessor) (jointly and severally): the entrance of the restaurant does not have signage displaying the international symbol for accessibility, in violation of 28 C.F.R. Part 36 and ADA Code §216.6.

30. More access barrier violations may be present, which will be determined and proven through the discovery process.

31. Pursuant to the ADA, 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants (and each of them) are required to make the Groovy's Pizza & Grill restaurant within the strip mall accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

32. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the restaurant therein such that it is made

readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the restaurant until the requisite modifications are completed.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the property lessor (owner of the strip mall) Defendant 2 Indian Creek Holdings, LLC and the lessee (operator of the restaurant) Defendant Sibelle Holdings, LLC and requests the following relief:

a)    The Court declare that Defendants have violated the ADA;

b)    The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c)    The Court enter an Order requiring Defendants to alter the strip mall, attendant parking and restaurant such that the strip mall and restaurant become accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d)    The Court award reasonable costs and attorneys' fees; and

e)    The Court award any and all other relief that may be necessary and appropriate.

Dated: September 30, 2020

                     Respectfully submitted,

                     */s/ J. Courtney Cunningham*
                     J. Courtney Cunningham, Esq.
                     J. COURTNEY CUNNINGHAM, PLLC
                     FBN: 628166
                     8950 SW 74th Court, Suite 2201
                     Miami, Florida 33156
                     Telephone:  305-351-2014
                     Email: cc@cunninghampllc.com
                     *Counsel for Plaintiff*